AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Crosscode Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:20-cv-00104-VC |
| Aditya Sharma | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Anshu Sharma
17285 74th Ave. North Maple Grove, MN 55311-2735
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Oral Deposition by Videoconference<br>Records to be produced at Maslon LLP Wells Fargo Center 90 S 7th St. Minneapolis, MN 55402 | Date and Time:<br>07/02/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: Video recording and transcription

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/16/2020

*CLERK OF COURT*

OR

/s/ David M. Friedman

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Crosscode Inc.
, who issues or requests this subpoena, are:

David Friedman, 255 California Street Suite 1350 San Francisco, CA 94111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00104-VC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1. "YOU" and "YOUR," as used herein, means and refers to Dr. Anshu Sharma and any of your agents or representatives.

2. The terms "RELATE TO," "RELATED TO," "RELATING TO," or "RELATED" mean directly or indirectly mentioning or describing, evidencing, containing, constituting, pertaining to, being connected with, or reflecting upon a stated subject matter or person.

3. The term "PLAINTIFF" or "CROSSCODE," as used herein, means and refers to Crosscode Inc. and any and all of its officers, directors, managers, members, employees, accountants, consultants, agents, attorneys, representatives, investigators, and any person or entity acting or purporting to act on its behalf.

4. The term "DOCUMENT" or "DOCUMENTS" means and includes, without limitation, any written, recorded, or graphic matter, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer storage devices, memories, data cells, or other media or data compilation from which information can be obtained, including originals, copies (with or without notes or changes thereon) and drafts, including, but not limited to, papers, books, letters, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone conversations, or of interview or of conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, appraisals, estimates, projections, charts, schedules, work sheets, proposals, contracts, agreements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recording, computer printouts, data processing output and input, microfilms, photographs or negatives thereof, all other records kept by electronic, photographic, or mechanical means, and any or all matter or material attached or affixed to any of the above.

5. The term "PURPORTED LICENSE AGREEMENT" means the agreement attached hereto as Exhibit 1.

6. The term "RAPIDEX" or "RAPIDEX NOW" means the company YOUR husband, Aditya Sharma, founded and acts (or acted) as its CEO.

7. The term "KLOUDGAZE" means the company YOUR husband, Aditya Sharma, founded and acts as its CEO.

## INSTRUCTIONS

Please produce all documents responsive to the requests below in their native format with all attachments and metadata preserved. Please provide the documents by email or cloud based

upload. If you have any questions or difficulties with making the production in the form requested, please contact David Friedman at dfriedman@oglozafortney.com to make arrangements for the production.

## DOCUMENT REQUESTS

1. Any and all non-privileged DOCUMENTS, including emails and communications, YOU have RELATING TO CROSSCODE.

2. Any and all non-privileged DOCUMENTS, including emails and communications, YOU have RELATING TO, or otherwise involving, RAPIDEX.

3. Any and all non-privileged DOCUMENTS, including emails and communications, YOU have RELATING TO, or otherwise involving, KLOUDGAZE.

4. Any and all non-privileged DOCUMENTS, including emails and communications YOU have RELATING TO, or otherwise involving, the PURPORTED LICENSE AGREEMENT.

5. Any and all non-privileged DOCUMENTS, including emails and communications as well as any photos, videos, images or other evidence RELATING TO YOUR allegation that "On January 23, 2020, while [you] were in India, [you] became aware that, Ajay Singh, ("Singh") a software developer in India, was assaulted as a result of assisting [your] husband in preparing for mediation."

# EXHIBIT 1

## License Agreement

This License Agreement (this "Agreement") is made effective as of August 16, 2017 between Aditya R Sharma, of 17285 74th Avenue North, Maple Grove, Minnesota 55311 and Crosscode, Inc., a Delaware company with place of business as 17285 74th Avenue North, Maple Grove, Minnesota 55311-2735.

In the Agreement, the party who is granting the right to use the licensed property will be referred to as "Owner," and the party who is receiving the right to use the licensed property will be referred to as "Licensee."

The parties agree as follows:

**1. GRANT OF LICENSE.** Owner is the sole inventor and owner of Crosscode Panoptics, Panoptics and all its variants, derivatives and future enhancements (collectively called the "Authored Work"), an enterprise class software. In accordance with this Agreement, Owner grants Licensee an exclusive license to Market, Sell and further Develop the Authored Work. Owner retains title and ownership of the Authored Work and all modifications, enhancements and derivative works which will be assigned to Licensor by Licensee without any contest and in totality.

**2. PAYMENT OF ROYALTY.** Licensee will pay to Owner a royalty which shall be calculated as follows: 20% of all global sales revenues of the Licensee. The royalty shall be paid on or before the 10th day of each month for all sales in the preceding month. With each royalty payment, Licensee will submit to Owner a written report that sets forth the calculation of the amount of the royalty payment along with such details like Customer Name, Status, Sales, Trials, Demonstrations and any other information as asked for by the Owner.

**3. MODIFICATIONS.** Unless the prior written approval of Owner is obtained, Licensee may not modify or change the Authored Work in any manner. Licensee agrees to furnish a "roadmap" of all enhancements, modifications, further derivatives and any and all changes to the Authored Work once every 90 days or upon demand by the Owner. Licensee agrees to provide the Owner the updated Authored Work, its associated documents, manuals and source code once every 90 days or upon demand by the Owner.

**4. DEFAULTS.** If Licensee fails to abide by the obligations of this Agreement, including the obligation to make a royalty payment when due, Owner shall have the option to cancel this Agreement by providing 15 days' written notice to Licensee. Licensee shall have the option of preventing the termination of this Agreement by taking corrective action that cures the default, if such corrective action is taken prior to the end of the time period stated in the previous sentence, and if there are no other defaults during such time period.

**5. CONFIDENTIAL INFORMATION.** The term "Confidential Information" means any information or material which is proprietary to Owner, whether or not owned or developed by

Page 1 of 4



DAS-00583

Owner, which is not generally known other than by Owner, and which Licensee may obtain through any direct or indirect contact with Owner. Regardless of whether specifically identified as confidential or proprietary, Confidential Information shall include any information provided by Owner concerning the business, technology and information of Owner and any third party with which Owner deals, including, without limitation, business records and plans, trade secrets, technical data, product ideas, contracts, financial information, pricing structure, discounts, computer programs and listings, source code and/or object code, copyrights and intellectual property, inventions, sales leads, strategic alliances, partners, and customer and client lists. The nature of the information and the manner of disclosure are such that a reasonable person would understand it to be confidential.

A. **"Confidential Information"** does not include:

- matters of public knowledge that result from disclosure by Owner;
- information rightfully received by Licensee from a third party without a duty of confidentiality;
- information disclosed by operation of law;
- information disclosed by Licensee with the prior written consent of Owner;
- any other information that both parties agree in writing is not confidential.

**6. PROTECTION OF CONFIDENTIAL INFORMATION.** Licensee understands and acknowledges that the Confidential Information has been developed or obtained by Owner by the investment of significant time, effort and expense, and that the Confidential Information is a valuable, special and unique asset of Owner which provides Owner with a significant competitive advantage, and needs to be protected from improper disclosure. In consideration for the receipt by Licensee of any Confidential Information, Licensee agrees as follows:

**A. No Disclosure.** Licensee will hold the Confidential Information in confidence and will not disclose the Confidential Information to any person or entity without the prior written consent of Owner.

**B. No Copying/Modifying/Unauthorized Possession.** Licensee will not copy or modify any Confidential Information without the prior written consent of Owner. Licensee will take sufficient measures to ensure no employee or consultant has access or is in possession of the Authored Work and the source code without the written permission from the Owner. Licensee will immediately terminate the employments or consulting engagements upon being made aware of such violations.

**C. Unauthorized Use.** Licensee shall promptly advise Owner if Licensee becomes aware of any possible unauthorized disclosure or use of the Confidential Information.

**D. Application to Employees.** Licensee shall not disclose any Confidential Information to any employees of Licensee, except those employees who are required to have the Confidential Information in order to perform their job duties in connection with the limited purposes of this Agreement. Each permitted employee to whom Confidential Information is



disclosed shall sign a non-disclosure agreement substantially the same as this Agreement at the request of Owner.

**7. NON-EXCLUSIVE LICENSE TO LICENSOR.** As of the effective date, Licensee grants back to Owner a non-exclusive royalty-free license to use the Authored Work as Owner sees fit, including for the creation of derivative works; provided, however, this license shall not limit Licensee's rights and public rights under this License.

**8. TRANSFER OF RIGHTS.** This Agreement shall be binding on any successors of the parties. Licensee shall not have the right to assign its interests in this Agreement to any other party, unless the prior written consent of the Owner is obtained. Owner can transfer this agreement via an assignment, will, or to his legal heirs.

**9. TERMINATION AND RESTRICTION.** This Agreement may be terminated by Owner upon providing 15 days' written notice to the other party. Owner can also place a temporary restriction on the Licensee under which the Licensee cannot sell, market and cease to develop upon the Authored Work for the duration of the restriction. Upon termination or restriction, Licensee will immediately hand over all documents, manuals, source code and or any other materials related to the Authored Work to the Owner. Unless and until terminated by the Owner, this agreement shall continue for perpetuity.

**10. ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties and both parties agree that any prior grants, assignments, agreements or license towards the Authored Work are to be considered Null and Void.

**11. AMENDMENT.** This Agreement may be modified or amended, if the amendment is made in writing and is signed by both parties.

**12. SEVERABILITY.** If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**13. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Agreement shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

**14. WAIVER OF CLAIMS.** Licensee agrees to waive any and all claims towards the Authored Work. Licensee agrees not to make any claims towards the Authored Work in part or total to any third party, private or government, without the written approval of the Owner. Licensee agrees all rights, ownership and claims of the Authored Work lie wholly and solely with the Owner.



DAS-00585

**15. APPLICABLE LAW.** This Agreement shall be governed by the laws of the State of Minnesota.

**16. SIGNATORIES.** This Agreement shall be signed on behalf of Owner by Aditya R Sharma, Owner and on behalf of Licensee by Aditya R Sharma, President and CEO and effective as of the date first above written.

Licensor:
Aditya R Sharma

By: _____
    Aditya R Sharma
    Owner

Licensee:
Crosscode, Inc.

By: _____
    Aditya R Sharma
    President and CEO

CROSSCODE INC.
17285 74th Avenue North
MAPLE GROVE, MN 55311



Page 4 of 4

DAS-00586

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in the County of San Francisco, State of California. At the time of service I was over 18 years of age and not a party to this action. My business address is 255 California St., Suite 1350, San Francisco, California 94111. I served the following document(s) in the manner indicated below.

**DEPOSITION SUBPOENA TO DR. ANSHU SHARMA**

☐ by today depositing, at San Francisco, California, the said document in the UNITED STATES MAIL in a sealed envelope, with first-class postage thereon fully prepaid to the parties listed below; (and/or)

☐ by FACSIMILE TRANSMISSION to the parties listed below;

☐ by today PERSONALLY DELIVERING the said document(s) to the person(s) indicated below in a manner provided by law, by handing them the documents or by leaving the said document(s) at the office(s) or usual place(s) of business, during usual business hours, of the said person(s) with a clerk or other person who was apparently in charge thereof and at least 18 years of age, whom I informed of the contents;

☐ by OVERNIGHT MAIL to the parties listed below;

☐ by FEDERAL EXPRESS OVERNIGHT to the parties listed below;

☒ by ELECTRONIC MAIL I caused such document(s) to be emailed to the offices and/or to the attorneys listed below;

☐ by ELECTRONIC SERVICE SUBMISSION I caused such document(s) to be delivered to the offices and/or to the attorneys listed below;

Dated: June 16, 2020                    Signed: _____
                                                 Nick Bertolino

## SERVICE LIST

Peter Jazayeri
JAZ
1100 Glendon Avenue
Suite 1500
Los Angeles, CA 90024
peter@jaz-law.com

*Attorneys for Dr. Anshu Sharma*